**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

HOWARD DOUGLAS ADAMS

CIVIL ACTION

VERSUS

24-1013-SDD-SDJ

MUHAMMAD F. QURASHI, ET AL.

**RULING**

The Court has carefully considered the record, the law applicable to this action, and the *Report and Recommendation*[1] of United States Scott D. Johnson dated July 29, 2026, to which an *Objection*[2] was filed. The Court conducted a *de novo* review and provides the following reasons for ruling.

As a court of limited jurisdiction, the Court is required to examine the basis for its subject matter jurisdiction. This is precisely what Judge Johnson did.[3] Finding that the defendant's failed to adequately plead the amount in controversy to establish removal jurisdiction under 28 U.S.C. 1332(a), Judge Johnson ordered that "no later than March 27, 2025, Defendants shall file a memorandum and supporting evidence of the amount in controversy."[4] The defendants failed to do so and for over a year the case lay dormant, neither party filing anything of substance. On July 29, 2026 the Magistrate issued the subject *Report and Recommendation*, recommending remand.

In conducting its *de novo* review,[5] "the district court has discretion to determine whether … new evidence should be accepted after the magistrate judge issues his report

---

[1] Rec. Doc. 20.
[2] Rec. Doc. 21.
[3] Rec. Doc. 15
[4] Id
[5] FED. R. CIV. P. 72(b)(3)

and recommendation."[6] "A party has a duty to put its best foot forward before the Magistrate Judge … and, accordingly, that [ ] party's entitlement to de novo review … does not entitle it to raise issues at that stage that were not adequately presented to the Magistrate Judge[.]"[7]

The defendants submit new evidence regarding the amount in controversy in opposition to the Magistrate's Report and Recommendation. Defendants cite *Dart Cherokee*[8] for the proposition that a removing party may submit evidence of the amount in controversy at any time.[9] The defendant's reliance on *Dart Cherokee* is unavailing.

*Dart Cherokee* stands for the general proposition that a defendant may submit evidence when the amount in controversy is in dispute, but the Court did not consider the failure to submit amount in controversy evidence in compliance with a Court Order to do so. Nor does *Dart Cherokee* address evidence submitted after a Report and Recommendation.

Defendants offer no support for their assertion that a district judge must consider evidence not provided to the Magistrate Judge. Moreover, defendants offer no excusable neglect for the utter failure to comply with the Magistrate Judge's order. The Court declines to consider the defendants late filed evidence.

The Court hereby approves the *Report and Recommendation* of the Magistrate Judge and adopts it as the Court's opinion herein.

---

[6] *Smith v. Palafox*, 728 Fed. Appx. 270, 276 (5th Cir. 2018) (quoting *Davis v. Fernandez*, 798 F.3d 290, 292 (5th Cir. 2015)) (internal quotation marks omitted).
[7] *Id.* (quoting *Cupit v. Whitley*, 28 F.3d 532, 535 n.5 (5th Cir. 1994).
[8] *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014).
[9] Rec. Doc. No. 21, p. 4.

**ACCORDINGLY**,

**IT IS ORDERED** that this matter is **REMANDED** to the 19th Juridical District for the Parish of East Baton Rouge for lack of subject matter jurisdiction over this matter.

Signed in Baton Rouge, Louisiana, on this 24th day of September, 2026.

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**